UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| NOE MORENO SALAZAR,<br><br>Petitioner,<br><br>v.<br><br>WARDEN,<br><br>Respondent. | CAUSE NO. 3:26cv1120 DRL-SJF |

OPINION AND ORDER

Immigration detainee Noe Moreno Salazar, a litigant without counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is unlawfully confined in violation of the laws or Constitution of the United States.

Mr. Salazar is a citizen of Mexico who entered the United States without inspection. In 2020, he came to the attention of immigration officials after he was convicted of a criminal offense in Illinois. He was served with a notice to appear in immigration court and released on bond [5-1]. He was subsequently convicted of two more criminal offenses in Illinois. In June 2026, he was taken into custody by United States Immigration and Customs Enforcement (ICE) agents in Illinois pursuant to an administrative warrant, and was then transferred to Miami Correctional Facility pending the conclusion of his removal proceedings [5-1].

Mr. Salazar alleged in his petition, filed in late July 2026, that he was being wrongfully denied an opportunity for release on bond while his removal proceedings were pending contrary to 8 U.S.C. § 1226(a). [ECF 1.] The Warden responds that on

August 7, 2026, an immigration judge ordered Mr. Salazar removed to Mexico and he waived his right to appeal to the Board of Immigration Appeals (BIA) [5-2]. The Warden argues the petition should be denied because Mr. Salazar is subject to mandatory detention under 8 U.S.C. § 1231. Mr. Salazar did not file a reply, and the time for doing so has expired.

The Warden first argues that this court lacks subject matter jurisdiction over the petition. The court has thoroughly considered its jurisdiction to review immigration detention under 8 U.S.C. §§ 1225, 1226, and 1231. For reasons given before, jurisdiction is secure. *See Liang v. English*, No. 3:25cv1052, 2026 WL 835853 (N.D. Ind. Mar. 26, 2026) (Leichty, J.) (regarding § 1231); *De Jesús Aguilar v. English*, No. 3:25cv898, 2025 WL 3280219 (N.D. Ind. Nov. 25, 2025) (Leichty, J.) (regarding § 1225 and § 1226).

The Warden additionally argues that Mr. Salazar has entered the 90-day "removal period" specified in § 1231, making his current detention mandatory. Under that statute, detention is mandatory while the government works to effectuate a noncitizen's removal. 8 U.S.C. §§ 1231(a)(1)(A), (a)(2)(A). The 90-day removal period begins on the latest of:

> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).

Mr. Salazar's removal period began on August 7, 2026, when an immigration judge ordered him removed and he waived his right to appeal. *See* 8 U.S.C.

§ 1101(a)(47)(B)(ii); 8 C.F.R. § 1241.1(b). The 90-day removal period will continue through at least November 5, 2026, making his current detention mandatory under § 1231.[1] Therefore, he has not shown an entitlement to federal habeas relief.

For these reasons, the court DENIES the petition [1] and DIRECTS the clerk to close this case.

SO ORDERED.

September 8, 2026

*s/ Damon R. Leichty*
Judge, United States District Court

[1] Even after this 90-day period, continued detention is authorized for certain groups of noncitizens for "a period reasonably necessary to secure removal." *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001). Because Mr. Salazar is still in the initial removal period, it is unnecessary to explore this issue.